# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALAN DAMPIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-3062** |
| **ROUSES ENTERPRISES, L.L.C.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Rouses Enterprises, L.L.C.'s ("Rouses") Motion to Dismiss Case Pursuant to Rule 12 for Lack of Jurisdiction and Motion for a More Definite Statement.[1] Having considered the motion, the response, and the applicable law, for the following reasons, the Court will deny the motion.

## I. Background

### A. Factual Background

Alan Dampier ("Dampier"), a resident of McComb, Mississippi, has brought suit against Rouses, a Louisiana limited liability corporation with its principal place of business in Louisiana, claiming that on December 26, 2010 he "sustained serious and permanent injuries to his mind and body" in Rouses's Covington, Louisiana store when a piece of machinery (referred to as a "baler") malfunctioned.[2] Furthermore, Dampier claims that the baler was "at all material times ... owned, operated, controlled and/or maintained" by Rouses.[3]  Dampier seeks recovery for negligence and La. C.C. arts. 2315 and 2317 for his alleged injuries in the amount of $1,500,000.

---

[1]  Rec. Doc. 5.

[2]  Rec. Doc. 1 at pp. 1-2.

[3]  *Id.* at p. 2.

*B. Procedural Background*

Dampier filed a complaint in this matter on December 14, 2011, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.[4] In response, Rouses filed the pending motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7) and for a more definite statement.[5] On March 5, 2012, Dampier filed a memorandum in opposition to Rouses motion to dismiss.[6]

## II. Parties Arguments

In support of its motion, Rouses argues that Dampier failed to join "a necessary party" to the litigation, the owner/operator of the baler machine. Rouses claims that joinder of this party would destroy diversity and divest this Court of subject matter jurisdiction.[7] Rouses claims that under Federal Rule of Civil Procedure 19, joinder of a party is required "whose absence would prevent the existing parties from being granted complete relief."[8] Furthermore, Rouses cites authority from the United States Court of Appeals for the Third and Eleventh Circuits to argue that "an absent party will be required when the absence of that party would, as a practical matter, leave an existing party subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest of the absent party."[9] Rouses asserts that once this party is joined, the case must be dismissed because complete diversity will be destroyed.

---

[4] *Id.*

[5] Rec. Doc. 5.

[6] Rec. Doc. 8.

[7] Rec. Doc. 5-1 at p. 1.

[8] *Id.* at p. 2 (citing *United States v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994)).

[9] *Id.*

2

In further support of its allegation that dismissal is mandated due to the non-joinder of a necessary party, Rouses alleges that the true owner and operator of the baler machine is Recycling Services, Inc., ("Recycling Services") a Mississippi corporation.[10] Upon this fact, Rouses declares that Recycling Services is a "necessary party."

In addition to seeking dismissal for non-joinder, Rouses requests "a more definite statement" because "the complaint is too vague or ambiguous."[11] Rouses argues that it cannot "prepare an adequate defense" because Dampier "fails to allege why he was present at the Rouses location," "why he was in a restricted area," "explain what connection he had to the baler machine," "and describe or otherwise identify the alleged malfunction or failure that caused the reported injuries."[12]

In opposition to Rouses' allegation that Recycling Services is a necessary party, Dampier claims that "at no time were any representatives of Recycling Services ever on the Rouses premises for maintenance or repair unless requested by Rouses."[13] He also alleges that he used the baler machine regularly. Dampier relies on *HS Resources, Inc. v. Wingate*,[14] which sets out the factors for a court to consider when contemplating the joinder of a party who would destroy the court's jurisdiction: (1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit

---

[10] *Id.*

[11] *Id.*

[12] *Id.* at p. 4.

[13] Rec. Doc. 8 at p. 3.

[14] 327 F.3d 432, 439 (5th Cir. 2003).

is dismissed.[15] In response, Dampier denies that these considerations are implicated and further asserts that whether or not Recycling Services should be joined as a party would be more properly determined after discovery.[16]

Further, regarding Rouses' argument for a more definite statement, Dampier responds to the questions presented by Rouses in the pending motion. He asserts that he was a direct employee of KeHe Distributors, a position that required him to work in the Rouses store since 2003 stocking shelves and performing other tasks within the store.[17] Dampier argues that he has pled sufficiently a claim for third party negligence arising from the defective condition of a thing under Louisiana law.[18] Dampier maintains that his complaint provides a "time, place, and explanation of this incident and injury," and that a more definite statement is only required when the complaint is ambiguous and unintelligible.[19] Therefore, Dampier asks that this request be denied.

### III. Law and Analysis

*1. Dismissal for Non-joinder*

Federal Rule of Civil Procedure 19 details when a party must be joined if the addition of that party would not destroy the court's jurisdiction.[20] As both parties appear to agree that Recycling

---

[15]  Rec. Doc. 8 at p. 2.

[16]  *Id.*

[17]  *Id.* at p. 1.

[18]  *Id.* at p. 3.

[19]  *Id.*

[20]  Fed. R. Civ. P. 19 provides:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

Services is a Mississippi resident, as is Dampier, the addition of Recycling Services as a party would in fact destroy this Court's jurisdiction under 28 U.S.C. § 1332. However, only if a party is deemed indispensable will a court require the joinder of a party that would destroy subject matter jurisdiction.[21] A party is considered indispensable if " as a matter of equity and good conscience, the lawsuit cannot proceed without them."[22] A court may consider four factors in making this determination: (1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed.[23] The district court's decision to not join a party that would destroy jurisdiction will only be reversed for an abuse of discretion.[24] However, if joinder would destroy jurisdiction, a court only has discretion to dismiss the case for non-joinder if the party is indispensable.[25]

Applying these factors, the Court finds that Recycling Services is not an indispensable party, because the parties are alleged tortfeasors. In *Hepich v. Wallace*,[26] the United States Court of

---

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

   (i) as a practical matter impair or impede the person's ability to protect the interest; or

   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

[21] *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997).

[22] *Id.*

[23] *HS Resources*, 327 F.3d at 439.

[24] *Connhill*, 106 F.3d at 83.

[25] *Shelton v. Exxon Corp.*, 843 F.2d 212, 216 (5th Cir. 1988).

[26]  430 F.3d 792, 817 (5th Cir. 1970)

Appeals for the Fifth Circuit held that joint tortfeasors are not indispensable parties whose absence from a case will result in dismissal for non-joinder.[27] Here, the alleged non-joined party is also an alleged tortfeasor. Considering the four factors articulated in *HS Resources* and applying the holding in *Hepich*, the Court finds that Recycling Services is not an indispensable party.

       *2. Request for a More Definite Statement under 12(e)*

     Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when the complaint is too "vague or ambiguous that the party cannot reasonably prepare a response." A district court's order pursuant to Rule 12(e) will not be reversed absent an abuse of discretion.[28] Rouses argues that it is unable to respond to Dampier's complaint because it is too vague.  In response Dampier points out that he has highlighted the time, place, cause of injury, and extent of injury. The Court finds that Dampier's pleading is sufficient to permit Rouses to respond. Rouses may still have questions regarding Dampier's claim, but those may be addressed through discovery and do not require a more definite statement at this time.[29] However, the Court will grant Dampier leave to amend its complaint, upon request, to include in its complaint the information provided in response to the pending motion.

## IV. Conclusion

     Considering the Court has determined that Recycling Services is not an indispensable party, the Court will deny Rouses motion for dismissal under Rule 12(b)(7) for non-joinder. Moreover, this Court also finds that Dampier's complaint does not require a more definite statement; however, the

---

[27] *Id.*

[28] *Old Time Enters, Inc. v. Int'l Coffee* Corp., 862 F.2d 1213, 1217 (5th Cir. 1989); *see also In re McWilliams*, 22 F.3d 1095 (5th Cir. 1994).

[29] *See In re McWilliams*, 22 F.3d at 1095.

Court will grant Dampier leave to amend its complaint, upon request, to include the information provided in response to the pending motion. As such, Rouses' motion for a more definite statement under Rule 12(e) is denied as well. Accordingly,

**IT IS HEREBY ORDERED** that Rouses' Motion to Dismiss Case Pursuant to Rule 12 for Lack of Jurisdiction and Motion for a More Definite Statement[30] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 28th day of September, 2012.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[30] Rec. Doc. 5.